**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DEVON BAKER** **PLAINTIFF**

**v.** **Case No. 4:25-cv-00360-LPR**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

# ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Patricia S. Harris (Doc. 15) and the Plaintiff's Objections (Doc. 16). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD as its findings and conclusions in all respects.[1]

IT IS THEREFORE ORDERED that the Commissioner's decision is AFFIRMED, and Judgment will be entered for the Commissioner in this case.

DATED this 26th day of August 2026.

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

[1] The Court is sympathetic to Plaintiff's arguments and acknowledges that there is a fair bit of record evidence which cuts against the ALJ's decision. Ultimately, however, this Court is not tasked with deciding whether substantial evidence in the record would support an opposite conclusion. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005); *see also Bagwell v. Comm'r*, 916 F.3d 1117, 1119 (8th Cir. 2019) ("If the record supports two inconsistent conclusions, this court must affirm the Commissioner's choice among those two conclusions."). So long as substantial evidence supports the ALJ's conclusion, that is the end of the matter for purposes of substantial evidence review. Here, the ALJ properly considered all of the medical evidence and assessed a physical RFC that was even more limited than those recommended by the state agency medical experts. The ALJ's decision to discount the credibility of Plaintiff's subjective complaints was based on proper consideration of the *Polaski* factors, and the Court finds no error in the ALJ pointing out that Plaintiff's treatment providers had recommended remedial surgery. *See* 20 C.F.R. § 404.1529(c)(4) (ALJ must evaluate claimant's subjective complaints in relation to the record evidence, considering both inconsistencies in the evidence and conflicts between the subjective complaints and the rest of the evidence). Finally, the Court does not agree that the ALJ's less-than-verbatim recitation of the medical evidence mischaracterized the record—and Plaintiff has not demonstrated that his impairments would have met or equaled Listing 1.15 if only the ALJ had described his imaging results differently.